IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENNIFER SANCHEZ

        Plaintiff,

vs.                                          Case No.: 1:10-cv-00846-RHS-CG

FMS INC.,

        Defendant.

**AMENDED COMPLAINT FOR VIOLATION
OF THE TELEPHONE CONSUMER PROTECTION ACT**

**COMES NOW**, Plaintiff, JENNIFER SANCHEZ, by and through the undersigned counsel, and files this Complaint against Defendant, FMS INC., and in support shows the following:

**I.  INTRODUCTION**

1.    This is an action for statutory damages brought by Plaintiff, Jennifer Sanchez, an individual consumer, against Defendant, FMS Inc. for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA") which regulates automated telephone dialing and the use of an artificial or pre-recorded voice to deliver messages.

**II. JURISDICTION AND VENUE**

2.    Jurisdiction is proper before this court since Plaintiff is a resident of Albuquerque, New Mexico and Bernalillo County. Venue in this District is proper since Defendant transacts business here and the conduct complained of occurred in Albuquerque, New Mexico.  State courts have jurisdiction over private right of action claims arising under the TCPA, 47 U.S.C. § 227(b). See Boydston v. Asset Acceptance LLC, 496 F.Supp.2d 110 (N.D. Cal. 2007).

### III. PARTIES

3.      Plaintiff, Jennifer Sanchez ("Sanchez" or "Plaintiff") is a natural person residing in Albuquerque, New Mexico, Bernalillo County.

4.      Upon information and belief, Defendant, FMS Inc., is a foreign corporation engaged in the business of collecting debt in New Mexico with its principal place of business located in Oklahoma.

5.      Upon information and belief, Defendant FMS Inc. utilizes an "automatic telephone dialing system" as defined by 47 U.S.C. 227(a)(1) of the Telephone Consumer Protection Act in connection with its debt collection efforts.

6.      Upon information and belief, Defendant FMS Inc. utilizes an "automatic telephone dialing system" as defined by 47 U.S.C. 227(a)(1) of the Telephone Consumer Protection Act in connection with its debt collection efforts.

### IV. FACTUAL ALLEGATIONS

7.      Plaintiff reincorporates and realleges the foregoing paragraphs as though restated in full herein.

8.      Beginning on or before September 2009 and continuing through on or after December 2009, Defendant attempted to collect a debt from a person unknown to Plaintiff, by initiating numerous telephone calls to Plaintiff's residential telephone line.

9.      Upon information and belief, the telephone calls were initiated by the Defendant to Plaintiff's residential telephone line using an automated telephone dialing system and/or an artificial or prerecorded voice to deliver a message.

10.     Plaintiff estimates that during the relevant time period set forth in this Complaint, she received from Defendant approximately thirty (30) telephone calls on her residential telephone line that used an artificial or prerecorded voice to deliver a messge .

11.     When Plaintiff's residential telephone line was not attended, the calls resulted in a prerecorded message left by Defendant on Plaintiff's voicemail.

12.     The prerecorded messages referenced collection efforts on a debt owed by a person unknown to Plaintiff, and who did not reside at Plaintiff's address. The person was occasionally identified as "Alexandria Sanchez" or "Alexandra Sanchez".

13.     The telephone number "800-580-7611" appeared on Plaintiff's caller

identification system, and upon information and belief, was utilized by Defendant to make automated calls and/or calls using an artificial voice or prerecorded message in its collection efforts.

## V. CLAIM FOR RELIEF
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

14. Plaintiff reincorporates and realleges the foregoing paragraphs as though restated in full herein.

15. The Telephone Consumer Protection Act ("TCPA") provides, *inter alia*, for restrictions on the use of automated telephone equipment.  See 47 U.S.C. § 227(b).

16. The TCPA at 47 U.S.C. § 227(b)(1)(B) states:

> "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…
>
> (B) to *initiate any telephone call to any residential telephone line using an artificial or prerecorded voice* to deliver a message without the prior express consent of the called party."

(emphasis added).

17. The TCPA also provides a private right of action for persons or entities aggrieved by violations of the TCPA.  47 U.S.C. § 227(b)(3).

18. An action may be brought (A) "…to enjoin violation," or (B) "for actual monetary loss from such violation, or to receive $500 in damages for each such violation, whichever is greater," or (C) both.  47 U.S.C. § 227(b)(3).

19. Additionally, the TCPA provides for treble damages, "if the court finds that the defendant willingly or knowingly" violated the Act. *Id.*

20. Each call received on Plaintiff's residential telephone line was initiated by Defendants using an artificial or prerecorded voice which delivered a message.

21. Defendant did not have the prior express consent of Plaintiff to contact her.

22. Defendant was attempting to collect on a debt not owed by Plaintiff, or by any

3.

person residing within Plaintiff's residence.

23. Defendant knew or should have known that Plaintiff was not the person from whom they sought to collect the debt.

24. After Plaintiff's express notification to Defendant that she was not the alleged debtor, Defendant did in fact know Plaintiff was not the debtor from whom Defendant sought to collect; however, Defendant continued making telephone calls to Plaintiff's residential telephone line using an artificial voice or prerecorded message.

25. **THEREFORE**, Defendant FMS Inc. acted unlawfully and in violation of the Telephone Consumer Protection Act by committing, *inter alia*, the following acts and omissions:

(A) Defendant violated 47 U.S.C. § 227(b)(1)(B) by initiating telephone calls to Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff; and,

(B) On or after November 8, 2009, Defendant "willingly and knowingly" violated 47 U.S.C. §227(b)(1)(B) by initiating telephone calls to Plaintiff's residential telephone line after Plaintiff notified Defendant that the third-party they sought to contact was not the Plaintiff and did not reside at Plaintiff's address.

26. Defendant's unlawful acts warrant available remedies under the Telephone Consumer Protection Act.

27. As a result of the foregoing violations Defendant is liable to Plaintiff for , statutory damages, costs, attorney's fees and interest thereon.

## VI. PRAYER FOR RELIEF

28. Plaintiff, JENNIFER SANCHEZ, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant FMS INC., and grant the following relief:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500 per telephone call initiated by Defendant using an artificial voice and/or prerecorded message; and/or,

B. Statutory treble damages pursuant to 47 U.S.C. § 227(b)(3) in the amount of $1500 per telephone call initiated by Defendant using an artificial voice and/or prerecorded message for all calls after November 28, 2009; and,

C. Costs and reasonable attorney's fees; and,

D.  For such other and further relief as the Court may deem just and proper.

>Respectfully submitted,
>
> s/Alfred M. Sanchez
> **ALFRED M. SANCHEZ**
> *Attorney for Plaintiff*
> *Jennifer Sanchez*
> Law Offices of Alfred M. Sanchez
> 301 Gold Ave. SW, Ste. 202
> Albuquerque, NM 87102
> Tel. (505) 242-1979
> Fax (505) 766-9700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of October, 2010, I caused the forgoing to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and thereby caused transmittal of a Notice of Electric Filing to the following CM/ECF Registrants:

*Counsel for Defendant,*
*FMS, Inc.*

Krystle A. Thomas, Esq.
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, NM 87103

kthomas@rodey.com

I HEREBY CERTIFY that on the 14th day of October, 2010, I caused the forgoing to be sent by first class mail to:

Nelson France
Rodey, Dickason Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, NM 87103

> s/Alfred M. Sanchez
> **ALFRED M. SANCHEZ**